IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GUILLERMO JOSE GUIRA VARGAS,

Petitioner,

vs.

WARDEN, Lincoln County Jail, et al.,

Respondents.

8:26-CV-474

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement in the Lincoln County Jail in North Platte, Nebraska. Filing 1. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court agrees, and will conditionally grant the petition.

The petitioner is a citizen of Venezuela. Filing 6 at 3. He entered the United States on or about December 12, 2023 near Eagle Pass, Texas. Filing 6 at 3. He apparently came into contact with immigration officials (although the record doesn't say how) and was served with a notice to appear and released on an order of recognizance. Filing 6 at 3; filing 6-1; filing 6-2. On August 9, 2026, the petitioner was detained in Rapid City, South Dakota following a traffic stop and taken to the Pennington County Jail, where he was taken into ICE custody. Filing 6 at 4; *see also* filing 6-3.

Because the petitioner was on conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) when he was detained, the Court will conditionally grant the petition for the reasons articulated by the undersigned in *Dos Santos Silva v. Warden, Lincoln County Detention Center*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026).

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations **on or before September 8, 2026**.

3. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately returned to Rapid City, South Dakota and released from detention.

4. **On or before September 11, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 1st day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge